**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE
JANIS E. ZAMJAHN,

        **Plaintiff,**

        Case No.  6:08-cv-316-Orl-31GJK

_____

**REPORT AND RECOMMENDATION**

**TO THE DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **APPLICATION TO PROCEED WITHOUT THE PREPAYMENT OF FEES AND AFFIDAVIT**
> **(Doc. No. 9)**
>
> **FILED:**    **March 25, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Plaintiff's Complaint be **DISMISSED** without prejudice.

On March 3, 2008, *pro se* Plaintiff Janis E. Zamjahn ("Zamjahn") instituted this action by filing a seventy-two (72) page unintelligible document ("Complaint"). Doc. No. 1.  On March 7, 2008, the Court entered an Order directing Zamjahn to pay the filing fee required or to file an application to proceed in forma pauperis.  Doc. No. 4.  In that same Order the Court directed Zamjahn to file a complaint that complies with the Federal Rules of Civil Procedure within eleven (11) days or the case would be dismissed without prejudice.  Doc. No. 4.  Presently before the Court is Zamjahn's

Application to Proceed Without Prepayment of Fees and Affidavit.  Doc. No. 9.

**I.    THE LAW**

    **A.    The Statute and Local Rules**

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915.  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*.  Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07.  Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.  Local Rule 4.07 (a).  The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions.  Local Rule 6.01(c)(18).  With respect to

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints.  Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.  28 U.S.C. § 1915 (a)(3).

any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

    **B.**    **Federal Rule of Civil Procedure 8**

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain the following:

1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8 (2008). The Eleventh Circuit Court of Appeals recently held that:

> A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a "shotgun pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001). Pleadings of this nature are prohibited by Rule 8(a)(2). . . .

*Lampkin-Asam v. Volusia Co. School Bd.*, 261 Fed. Appx. 274, 2008 WL 80708 (11th Cir. Jan. 9, 2008). Rule 8 requires that a pleading be simple, concise and direct. *Id*.

**II.**    **APPLICATION**

The first sentences of Zamjahn's Complaint are as follows:

> *MOTION TO ADDRESS AND DECLARE VOID, THE 4, VOID, SLANDEROUS, libelous and FELONIOUSLY IMPOSED VOID TITLES*, F.S. 712.08, *ON ZAMJAHN'S EXEMPT FLORIDA HOMESTEAD. F.S. BY DANIEL VISLOCKY ET AL, CAVEAT EMPTOR, WHO entered his void, TITLE, CAVEAT EMPTOR,*

> *OBTAINED WITH A FELONOIUS ILLEGAL WRIT executed by Judge Rainwater, et al, , DURING HIS BANKRUPTYCY 19 USC 156, F.S. 18 USC 1961 with mr. Nohrr and BMI and Judge CORCORANA, A WITH WHICH HE FRAUD HE OBTAINED A VOID TITLE WITH JUDGE RAINWATER'S ET AL, her ILLEGAL FRADULENT FORCED JUDICAL SALE, ON 7/1/92 OF MY ABSOLUTELY NOTHING, F.S. A. CONST. ART 10 1,; RIDING ON MY SEVERED, NULL AND VOID, EXEMPT FLORIDA HOMESTEAD, WITH JUDGE RAINWATERS, VOID, UNLAWFUL FELONIOUS CONTINUATION OF HER VOID SEVERED FORCED JUDICIAL SALE, OF MY EXEMPT FLORIDA HOMESTEAD, F.S.A. CONST. ART 10.1, SEVERED NULL AND VOID BY ZAMJAHN'S 2ND TIMELY TILA RESCISSION, 6/30/92, SEVERED, NULL AND VOID AND FORFEITED ON 7/20/92. . . . .*

(Doc. No. 1 at 1.) The Complaint continues in this fashion for seventy-two pages. *Id*. at 1-72. The Complaint does not have a caption, and fails to comply with the rudimentary requirements set forth in Rule 8, Federal Rules of Civil Procedure. Plaintiff does not name any defendants, establish this Court's jurisdiction to entertain the Complaint, or state any legally recognizable grounds for relief. "While a trial judge is to employ less stringent standards assessing *pro se* pleadings . . . than would be used to judge the final product of lawyers, this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings." *Lampkin-Asam*, 261 Fed. Appx. 274, 2008 WL 80708 (*citing Hepperle v. Johnston*, 544 F.2d 201, 202 (5th Cir. 1976); *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Moreover, Zamjahn has already been directed to amend her Complaint, but she has failed to respond. Doc. No. 4.

**THEREON it is RECOMMENDED** that:

1) Zamjahn's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 9) be denied; and

2) Zamjahn's Complaint (Doc. No. 1) be stricken and the case be dismissed without prejudice for failure to comply with Rule 8 and the Court's March 7, 2008, order (Doc. No. 4).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 5, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Gregory A. Presnell

Unrepresented Party